**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PHILIP GORDON

                Plaintiff,

vs.                                                                  Case No. 3:12-cv-723-J-JRK

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[2]

### **I. Status**

Philip Gordon ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff alleges disability based upon fatigue, knee problems, irritability, and seizures. See Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed August 14, 2012, at 155. On May 13, 2008, Plaintiff filed applications for DIB and SSI, alleging an onset date of February 28, 2008.[3] Tr.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed August 15, 2012; Reference Order (Doc. No. 15), entered August 29, 2012.

[3] The record reflects DIB and SSI application filing dates of May 13, 2008 and May 28, 2008. Tr. at 60-61, 62-63, 129-130. The ALJ, however, cited the application date for both DIB and SSI as May 13, 2008. Tr. at 11. The Application Summary for SSI does not appear in the administrative transcript.

at 129-30.  Plaintiff's applications were denied initially, see Tr. at 60-61, 64-71, and were denied upon reconsideration, see Tr. at 62-63, 75-80.

On May 13, 2010, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified. Tr. at 30-59.  At the time of the hearing, Plaintiff was fifty-five (55) years old. Tr. at 35.  The ALJ issued a partially favorable Decision on July 30, 2010, finding Plaintiff not disabled from February 28, 2008 to May 1, 2010. Tr. at 13-24.  The ALJ found Plaintiff became disabled on May 1, 2010 and has continued to be disabled through the date of the Decision. Tr. at 24.  Plaintiff disagreed with the onset date determined by the ALJ, and on September 29, 2010, he filed a Request for Review of Hearing Decision/Order. Tr. at 5-6. On June 4, 2012, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner.  On June 25, 2012, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Because the ALJ found Plaintiff disabled as of May 1, 2010, Plaintiff's only challenge in this Court is to the ALJ's finding of not disabled from the alleged onset date of February 28, 2008 to May 1, 2010 ("relevant time period"). See Memorandum in Support of Complaint (Doc. No. 14; "Pl.'s Mem."), filed August 27, 2012, at 5-8.  In challenging that decision, Plaintiff raises one (1) issue on appeal. See Pl.'s Mem. at 5-8.  Plaintiff alleges the ALJ erred by not properly evaluating and assessing Plaintiff's residual functional capacity ("RFC") to reflect a sedentary RFC. Id.

In response, Defendant avers that the ALJ's Decision is supported by substantial evidence. See Memorandum in Support of the Commissioner's Final Decision (Doc. No. 17; "Def.'s Mem."), filed December 14, 2012, at 5-13. Defendant asserts Plaintiff failed to prove his disability from the alleged onset date of February 28, 2008 through April 30, 2010. Def.'s Mem. at 6. Defendant contends that "[i]n assessing Plaintiff's RFC, the ALJ properly relied on the record as a whole, including the medical evidence and other evidence." Id.

After a thorough review of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 13-24. At step one, the ALJ observed that "[t]here is no definitive evidence that [Plaintiff] has engaged in

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

substantial gainful activity since February 28, 2008, the alleged onset date." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: degenerative joint disease and degenerative disc disease of the lumbar spine." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 19 (emphasis and citation omitted).

> The ALJ determined Plaintiff's RFC as follows:
>
>> From February 28, 2008 through April 30, 2010 [Plaintiff] had the [RFC] to lift and/or carry 50 pounds occasionally and 25 pounds frequently; in an eight hour workday, sit without restriction, walk 1 block, and stand 1 hour at a time for a total of 6 hours; rarely climb ladders, ropes, and scaffolds; occasionally climb stairs and ramps and kneel; never crawl; frequently stoop and crouch; and reach, handle, and finger without restriction. Since May 1, 2010, [Plaintiff] has had the [RFC] to lift and/or carry 20 pounds occasionally and 10 pounds frequently; walk and/or stand 2 hours continuously for a total of 6 hours; kneel, crawl, and climb stairs and ramps occasionally; and stoop frequently.

Tr. at 19 (emphasis omitted). At step four, the ALJ found Plaintiff "is unable to perform his past relevant work as a tile setter/tile helper. . . ." Tr. at 22 (emphasis and citation omitted). At step five, after "considering [Plaintiff's] age, education, work experience, and [RFC]," the ALJ found that prior to May 1, 2010, there "were a significant number of jobs in the national economy that [Plaintiff] could have performed[,]" Tr. at 23 (emphasis and citation omitted), including "cooks helper," "dining room or kitchen attendant," and "janitor and cleaner," Tr. at 23. The ALJ concluded that prior to May 1, 2010, "[a] finding of 'not disabled' is therefore appropriate . . . ." Tr. at 24.

As of May 1, 2010, after "considering [Plaintiff's] age, education, work experience, and [RFC]," the ALJ found "there are not a significant number of jobs in the national economy that [Plaintiff] could perform." Tr. at 24 (emphasis and citation omitted). The ALJ determined that beginning on May 1, 2010, "a finding of 'disabled' is reached by direct application of Medical Vocational Rule 202.06." Tr. at 24. The ALJ concluded that Plaintiff "was not disabled prior to May 1, 2010, but became disabled on that date and has continued to be disabled through the date of th[e D]ecision." Tr. at 24 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision

reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues that during the relevant time period (the period in which the ALJ deemed him not disabled), the ALJ should have limited him to sedentary work. See Pl.'s Mem. at 5-8. If the ALJ had done so, according to Plaintiff, he would have been automatically considered disabled under the Medical Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("Grids").[5] Id. at 7.

The only medical evidence of record Plaintiff points to in support of his argument is an evaluation conducted by Dr. Lynn Harper-Nimock ("Dr. Harper-Nimock") on December 17, 2008. See Pl.'s Mem. at 7; see also Tr. at 406-13 (Dr. Harper-Nimock's report). Dr. Harper-Nimock opined that Plaintiff had moderate limitations with prolonged standing and walking. Tr. at 410. Plaintiff claims that "[b]ased on this statement [Plaintiff] would have difficulty performing the standing and walking requirements of a light duty job and this evaluation brings into serious question whether or not [Plaintiff] could perform the walking

---

[5] Plaintiff also contends that the ALJ arbitrarily chose to downgrade his RFC from medium with additional limitations (during the relevant time period) to light (on May 1, 2010). Id. at 5-6. Plaintiff claims even being limited to light work was not correct, and believes he should have been limited to sedentary work during the relevant time period. See id. at 7-8. However, the ALJ made those determinations after accounting for some physical findings suggesting Plaintiff's condition had somewhat deteriorated. See Tr. at 22. In this regard, the ALJ stated as follows:
> [G]iving [Plaintiff's] subjective complaints the greatest benefit of the doubt and in view of some physical findings in May and June, 2010 examinations by treating and consultative physicians, . . . since May 1, 2010, [Plaintiff] has been capable of no greater than light exertion with the non-exertional limitations specified [in the RFC].

Tr. at 22 (referring to Tr. at 501-03, 505-22). The ALJ found Plaintiff disabled as of May 1, 2010 by application of Grid Rule 202.06. Tr. at 24.

and standing requirements of any light duty job." Pl.'s Mem. at 7.  Plaintiff asserts that "[b]ased on this report [he] would more likely be limited to a sedentary [RFC]." Id.  As stated above, under a sedentary RFC, Plaintiff would have been found disabled under Grid Rule 201.06. Id.

Defendant, on the other hand, argues that the ALJ properly evaluated Plaintiff's RFC, and further contends that there is no evidence in the record to support a sedentary RFC finding. See Def.'s Mem. at 6-13.  Defendant points out that the ALJ specifically noted Dr. Harper-Nimock's conclusions and considered the doctor's minimal findings in determining Plaintiff's RFC for the relevant time period. Id. at 8.  Defendant asserts that the ALJ considered all medical opinions and evidence in the record as a whole to "provide substantial support for the ALJ's RFC finding." Id. at 10.

In determining an individual's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments . . . ." SSR 96-8P, 1996 WL 374184 at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (stating that "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling") (internal quotation and citation omitted).  When "more than a scintilla of evidence support[s an] ALJ's RFC assessment," the Court "will not second-guess the Commissioner's determination." Land v. Comm'r of Soc. Sec., No. 12-11834, 2012 WL 5313342, at *3 (11th Cir. Oct. 26, 2012) (unpublished).

Here, as previously summarized, the ALJ determined Plaintiff could perform less than the full range of medium exertion up to May 1, 2010. Tr. at 22. In doing so, the ALJ properly considered the medical evidence and assessed Plaintiff's RFC. The ALJ provided a detailed summary of the medical evidence of record, see Tr. at 13-22, including Dr. Harper-Nimock's findings and opinions, Tr. at 22. The ALJ summarized Dr. Harper-Nimock's opinion as follows:

> In a December 2008 consultative evaluation examination, straight leg raising was positive at 30 degrees, and range of motion in the shoulders, elbows, hips, knees, and ankles was decreased bilaterally which, in the examiner's opinion, warranted moderate limitations in prolonged sitting, standing, and/or walking; climbing; and heavy lifting – consistent with subsequent findings by a State agency medical consultative and consultative examiner.

Tr. at 22 (citing Tr. at 406-13, 428-35, 504-22).[6]

Specifically, Plaintiff claims that "[b]ased on this report he would more likely be limited to a sedentary [RFC]." Pl.'s Mem. at 7. Plaintiff interprets Dr. Harper-Nimock's opinion that Plaintiff had moderate limitations with prolonged sitting, standing, walking, climbing, and heavy lifting, as limiting Plaintiff to sedentary work. Id. at 6-7. Plaintiff has not provided any support for this interpretation, and it is speculative at best. The Court does not read Dr. Harper-Nimock's report to suggest that Plaintiff's limitations restricted him to sedentary work as that phrase is defined in the Regulations. See Tr. at 406-13. Further, it does not appear that Dr. Harper-Nimock opined about the type of work Plaintiff can perform; rather, she summarized her findings and concluded Plaintiff had "moderate limitations" in certain areas

---

[6] Additionally, the ALJ noted that the June 2010 medical source statement of the examining consultative physician indicates Plaintiff can meet the demands consistent with medium exertion, and that this finding is consistent with the opinion of the State agency medical consultant. Tr. at 22 (citing 428-35, 504-22).

-8-

without defining what moderate means or how it translates in terms of the type of work Plaintiff can perform. See Tr. at 406-13.

Thus, contrary to Plaintiff's allegation that the ALJ erred by not limiting Plaintiff to sedentary work based upon review of Dr. Harper-Nimock's findings, see Pl.'s Mem. at 7, the ALJ properly evaluated and accounted for the findings in determining Plaintiff's RFC, see Tr. at 19, 22. Specifically, the ALJ limited Plaintiff to less than the full range of medium exertion for the relevant time period. See Tr. at 22. The ALJ's determination that prior to May 1, 2010, Plaintiff was capable of performing a reduced range of medium work is supported by substantial evidence.[7]

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) **AFFIRMING** the Commissioner's final decision.

---

[7]   Plaintiff also attempts to support his position that he should have been limited to sedentary work by referencing multiple complaints of chronic back and knee pain that he has made over time. See Pl.'s Mem. at 6-7. The administrative transcript does contain reports of back and knee pain. See, e.g., Tr. at 327-52, 380-82, 385, 407, 501, 505. These subjective complaints were discredited by the ALJ to the extent they conflicted with the RFC assigned. Tr. at 20. Plaintiff does not challenge the credibility determination in this Court, and the complaints do not change the undersigned's conclusion that the Decision is supported by substantial evidence.

    2.       The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on September 27, 2013.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

mh.
copies to:
counsel of record